IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-75-109-D |
| ) | (Case No. CIV-23-1090-D) |
| LEONIDAS ROY FIELDS, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the Court is Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 [Doc. No. 36], challenging his conviction of first-degree murder. In 1975, while serving a prison sentence for armed bank robbery, Defendant was convicted of murdering a correctional officer engaged in his official duties. Defendant was sentenced to life in prison to run consecutively with his armed bank robbery sentence. In his motion, Defendant argues that he did not have anything to do with the victim's murder; that he did not have a weapon; that Defendant was young and mentally troubled at the time of the crime; and that the victim's blood was found on Defendant only because Defendant had touched the victim to check if he had been killed by his Co-Defendants.

Defendant has previously sought relief pursuant to § 2255, rendering the present motion a successive § 2255 motion. But "[b]efore a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the

1

appropriate court of appeals authorizing the district court to consider the motion."[1] *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008). Because Defendant has not obtained prior authorization, the Court "may transfer the matter to [the Tenth Circuit] if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *Id.* at 1252.

"Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter" for authorization. *Id.* Because Defendant has failed to identify (1) newly discovered evidence, or (2) the existence of a new rule of constitutional law made retroactive, transferring this matter is not in the interest of justice. *See* 28 U.S.C. § 2255(h). Accordingly, the Court finds that the motion should be dismissed for lack of jurisdiction.[2] *See In re Cline*, 531 F.3d at 1252. Further, because the existing record shows conclusively that Defendant is not entitled to relief, no evidentiary hearing is needed. *United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); *see* 28 U.S.C. § 2255.

Although titled as a § 2255 motion, Defendant's motion could also be construed as one seeking compassionate release under 18 U.S.C. § 3582(c)(1). In his motion, Defendant states he has been imprisoned for fifty-five years, during which time he has earned various

---

[1] A federal prisoner seeking authorization must demonstrate that his claims rely upon "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," or upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

[2] Notably, the Tenth Circuit has previously denied Defendant's request to pursue a second § 2255 motion [Doc. No. 9].

trade and schooling certificates. Defendant also notifies the Court that he is currently under treatment for unspecified medical conditions.

Although the Court commends Defendant in earning several certificates and working to manufacture clothes and furniture, Defendant is ineligible for relief pursuant to § 3582(c)(1)(A). As the Court has previously explained to Defendant [Doc. No. 19], § 3582(c) applies only to defendants sentenced after November 1, 1987. *See United States v. Wilkins*, 426 F. App'x 443, 445-46 (6th Cir. 2011) (collecting cases). Because Defendant was sentenced prior to November 1, 1987, § 3582 does not apply to him. As the Court found previously, it lacks jurisdiction to consider Defendant's request and it will be dismissed without prejudice. [Doc. No. 19, at 2].

Further, even if the Court had jurisdiction to consider Defendant's request for relief pursuant to 18 U.S.C. § 3582(c)(1)(A), it would be denied. Section 3582(c)(1)(A) permits a court's reduction of a defendant's sentence only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Defendant's motion does not reflect that he has satisfied the administrative requirements of § 3582(c)(1)(A). The Court further finds that it would be inconsistent with the 18 U.S.C. § 3553 factors to reduce Defendant's sentence for first-degree murder. As the Court found previously [Doc. No. 19], the seriousness of Defendant's criminal conduct warrants a lengthy prison sentence. For these reasons, even if the Court had jurisdiction to consider Defendant's request for compassionate release under § 3582(c)(1)(A), it would be denied.

Finally, Defendant's § 2255 motion includes a request for the appointment of counsel. However, there is no constitutional right to counsel beyond the direct appeal of a conviction. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994). Accordingly, Defendant's request for counsel is denied.

**IT IS THEREFORE ORDERED** that Defendant's motion brought pursuant to 18 U.S.C. § 2255 [Doc. No. 36] is **DISMISSED** without prejudice for lack of jurisdiction. A judgment of dismissal shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Further, where a claim is dismissed on procedural grounds without reaching the merits, a petitioner must show "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds this standard is not met in this case. Therefore, a COA is **DENIED**, and the denial shall be included in the judgment.

**IT IS SO ORDERED** this 28th day of December, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge